FILED
IN CLERK'S OFFICE
US DISTRICT COURT
E.D.N.Y.
* March 3rd, 2025 *
BROOKLYN OFFICE

FJN:NDB
F. #2023R00466/NY-NYE-944

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

VOLODYMYR SIERKOV,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. _____ 25-cr-79 _____
(T. 18, U.S.C., §§ 982(a)(1), 982(b)(1),
1960(a), 2 and 3551 et seq.; T. 21,
U.S.C., § 853(p))

Judge Dora Lizette Irizarry
Magistrate Judge Peggy Kuo

THE GRAND JURY CHARGES:

### OPERATION OF AN UNLICENSED MONEY TRANSMITTING BUSINESS

      1.    In or about and between October 2023 and February 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant VOLODYMYR SIERKOV, together with others, did knowingly conduct, control, manage, supervise, direct and own all and part of an unlicensed money transmitting business affecting interstate and foreign commerce, to wit: a money transmittal business, which (a) operated without an appropriate money transmitting license in the State of New York, where such operation is punishable as a misdemeanor and a felony under New York State law, and (b) failed to comply with the money transmitting business registration requirements under Title 31, United States Code, Section 5330 and the regulations prescribed thereunder.

          (Title 18, United States Code, Sections 1960(a), 2, and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION

      2.    The United States hereby gives notice to the defendant that, upon his conviction of the offense charged herein, the government will seek forfeiture in accordance with

Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such

offense to forfeit any property, real or personal, involved in such offense, or any property

traceable to such property, including but not limited to: (i) approximately two hundred fifty

thousand twenty dollars and zero cents ($250,020.00) in United States currency seized by law

enforcement on or about February 1, 2024, in Carmel, Indiana; and (ii) approximately five

hundred thousand two hundred seven dollars and zero cents ($500,207.00) in United States

currency seized by law enforcement on or about February 1, 2024, in Indianapolis, Indiana.

      3.    If any of the above-described forfeitable property, as a result of any act or

omission of the defendant:

        (a)    cannot be located upon the exercise of due diligence;

        (b)    has been transferred or sold to, or deposited with, a third party;

        (c)    has been placed beyond the jurisdiction of the court;

        (d)    has been substantially diminished in value; or

        (e)    has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as

incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other

property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

      (Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

s/

FOREPERSON

*By Carolyn Pokorny, Assistant U.S. Attorney*
JOHN J. DURHAM
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK